UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLTON MILLER II,

    Plaintiff,

v.                                                          Case No. 8:23-cv-1222-CPT

MARTIN O'MALLEY,
Commissioner of Social Security,[1]

    Defendant.
_____/

**O R D E R**

The Plaintiff seeks judicial review of the Commissioner's denial of his claim for Supplemental Security Income (SSI). (Doc. 16). For the reasons discussed below, the Commissioner's decision is affirmed.

I.

The Plaintiff was born in 1981, completed high school, and received a certificate in medical billing and coding from Allied Medical College. (R. 45, 197). In December 2020, the Plaintiff applied for SSI, alleging disability as of January 2010 due to seizures and schizophrenia paranoia. (R. 57, 201, 224). The Social Security Administration

---

[1] Mr. O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Federal Rule of Civil Procedure 25(d), Mr. O'Malley is substituted for the former Acting Commissioner, Kilolo Kijakazi, as the Defendant in this suit.

(SSA) denied the Plaintiff's application both initially and on reconsideration. (R. 56, 63).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted hearings on the matter in May 2022 and November 2022. (R. 29–55). The Plaintiff was represented by counsel at each of these proceedings but appeared and testified only at the second. *Id.* A vocational expert (VE) testified at both hearings. *Id.*

In a decision issued in January 2023, the ALJ found that the Plaintiff: (1) had not engaged in substantial gainful activity since the date of his application in December 2020; (2) had the medically determinable impairments of epilepsy, hypertension, and a mental condition variously diagnosed to include bipolar disorder and schizoaffective disorder, bipolar type; and (3) did not, however, have a severe impairment or combination of impairments. (R. 15–28). In light of these findings, the ALJ concluded that the Plaintiff was not disabled. (R. 24).

The Appeals Council denied the Plaintiff's subsequent request for review. (R. 1–7). Accordingly, the ALJ's decision became the final decision of the Commissioner. *Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1313 (11th Cir. 2021) (citation omitted).

II.

The Social Security Act (the Act) defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A); *see also* 20 C.F.R.

2

§ 416.905(a).[2]   A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."   42 U.S.C. § 1382c(a)(3)(D).

To determine whether a claimant is disabled, the Social Security Regulations prescribe "a five-step, sequential evaluation process."  *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (per curiam) (citing 20 C.F.R. § 404.1520(a)(4)).[3] Under this process, an ALJ must assess whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals one of the listed impairments; (4) has the RFC to engage in his past relevant work; and (5) can perform other jobs in the national economy given his RFC, age, education, and work experience.  *Id.* (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 416.920(a)(4); 20 C.F.R. § 404.1520(a)(4)). Although the claimant has the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five.  *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1279 (11th Cir. 2020) (quoting *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)); *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (per curiam) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).  If the Commissioner carries that burden, the claimant must then prove he cannot engage in

---

[2] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.
[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

the work identified by the Commissioner. *Goode*, 966 F.3d at 1279. In the end, "the overall burden of demonstrating the existence of a disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided the Commissioner has issued a final decision on the claimant's disability application after a hearing. 42 U.S.C. § 405(g). Judicial review is confined to ascertaining whether the Commissioner applied the correct legal standards and whether the decision is buttressed by substantial evidence. *Id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (per curiam) (citation omitted). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citations and quotations omitted). In evaluating whether substantial evidence bolsters the Commissioner's decision, a court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner, even if it finds that the evidence preponderates against the Commissioner's determination. *Viverette*, 13 F.4th at 1314 (citation omitted); *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam)). Further, while a court will defer to the Commissioner's factual findings, it will not defer to his legal conclusions. *Viverette*, 13 F.4th at 1313–14; *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

III.

The Plaintiff's sole challenge on appeal is that the ALJ did not properly develop the record because he failed to order a consultative examination (CE). (Doc. 16). After careful review of the parties' submissions and the record, the Court finds that the Plaintiff's challenge lacks merit.

As noted above, the ALJ's role at step two is to discern whether a claimant has a medically determinable impairment (or combination of impairments) that is severe. *McCormick v. Soc. Sec. Admin., Comm'r*, 619 F. App'x 855, 857 (11th Cir. 2015) (per curiam) (citing *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986)); *see also* 20 C.F.R. § 416.920(a)(4). The severity of an impairment is "measured in terms of its effect upon [a claimant's] ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). Accordingly, an impairment is deemed to be severe only if it significantly inhibits a claimant's physical or mental abilities to engage in basic work activities. 20 C.F.R. §§ 416.920(c), 416.921(a); *see also Phillips*, 357 F.3d at 1237. A non-severe impairment, on the other hand, is one that does not result in such a limitation. 20 C.F.R. § 416.922(a).

It is well settled that an ALJ has a basic and firmly established duty to compile a full and fair record regarding a claimant's application. *Washington*, 906 F.3d at 1364; *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1269 (11th Cir. 2007). This duty, however, does not obligate an ALJ to order a CE whenever there is evidence that a claimant may suffer from an impairment. Instead, an ALJ "may purchase a [CE] to

try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to support a . . . decision on [a] claim." 20 C.F.R. § 416.919a(b). Consequently, an ALJ need not exercise his discretion in favor of obtaining a CE as long as the record contains enough evidence for him to make an "informed decision." *Ingram*, 496 F.3d at 1269 (citing *Doughty*, 245 F.3d at 1281); *see also Nation v. Barnhart*, 153 F. App'x 597, 598 (11th Cir. 2005) (per curiam) (finding that an ALJ need not seek additional independent expert medical testimony if the record is adequate and such additional testimony is not necessary for an "informed decision") (citations omitted).

A claimant seeking remand on the grounds that an ALJ failed to secure a CE must demonstrate not only that the ALJ erred in doing so, but also that "the claimant's right to due process has been violated to such a degree that the case must be . . . [sent back] to the ALJ for further development of the record." *See Mosley v. Comm'r of Soc. Sec.*, 633 F. App'x 739, 742 (11th Cir. 2015) (per curiam) (quoting *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995) (internal quotation marks omitted)). This occurs when "'the record reveals evidentiary gaps which result in unfairness or clear prejudice'" to the claimant. *Id.* (quoting *Brown*, 44 F.3d at 935); *see also Goode*, 966 F.3d at 1280 (stating that a "[r]emand for further factual development of the record . . . is appropriate whe[n] the record reveals evidentiary gaps which result in unfairness or clear prejudice") (internal quotation marks and citation omitted). Ultimately, a claimant bears the burden of proving he is disabled and must therefore produce

6

sufficient evidence to substantiate his application. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam).

In this case, the Plaintiff testified that he was unable to work primarily due to his epileptic seizures, which he claimed occurred every ten to fifteen days. (R. 47). The Plaintiff described these seizures as arising without warning and as resulting in a loss of consciousness. *Id.* The Plaintiff also explained that he took medication to control his seizures and to manage his schizophrenia as well. (R. 46).

In his decision, the ALJ acknowledged that the Plaintiff had been diagnosed with epilepsy and a mental impairment but commented that these conditions appeared to be "well-controlled." (R. 21–22). More generally, the ALJ noted there was "no indication" in the record that "these conditions ha[d] lasted or [were] expected to last [twelve] months or more, or cause[d] the [Plaintiff'] more than a minimal physical or mental limitation in his ability to do basic work activities." (R. 22).

To buttress this assessment, the ALJ observed with respect to the Plaintiff's epilepsy that there was "no objective evidence" of any seizure activity during the relevant period. *Id.* The ALJ also pointed out that the Plaintiff did not attend any medical appointments for approximately ten months between August 2021 and May 2022, that he did not take advantage of the neurology referrals he was provided, and that his doctors found him to be noncompliant with his medication regimen which was designed to control his seizures.[4] *Id.* The ALJ noted as well that "[e]ven if the

---

[4] As the ALJ mentioned, the Plaintiff's lack of compliance included his failure to seek any refills of a six-month supply of medication he obtained in August 2021. (R. 22).

7

[Plaintiff] was foregoing regular treatment due to economic concerns [and even] . . . if he w[as] experiencing seizures with sufficient regularity to prevent him from holding a job, the record would be expected to reflect a significant number of emergency records." (R. 23).

As for the Plaintiff's mental impairment, the ALJ remarked that although mental status examinations characterized the Plaintiff's mood as anxious with an abnormal affect, he was also described as being active and alert with good judgment and as exhibiting normal recent and remote memory. (R. 22). The ALJ further observed that the Plaintiff himself admitted during his testimony that he had not received any mental health treatment other than medication management through his family physician. *Id.* And, relative to that medication management, the ALJ highlighted again that the Plaintiff was documented as being noncompliant. *Id.*

Along with this evidence, the ALJ cited the opinions of two state agency consultants. (R. 23). Both of these physicians concluded that there was not enough evidence to evaluate the Plaintiff's disability claim. (R. 59–60, 66). The ALJ deemed this assessment to be persuasive, insofar as it showed that "the record [did] not provide sufficient support to impute a severe impairment," as the ALJ had otherwise determined in his decision. (R. 23).

Against this backdrop, the Plaintiff's claim that the ALJ should have ordered a CE fails. As an initial matter, there is case law in this District that an argument which is not raised with an ALJ cannot later be pursued on appeal. *See, e.g.*, *Crider v. Comm'r of Soc. Sec.*, 2018 WL 3628847, at *5 (M.D. Fla. June 12, 2018) (citing *Bechtold v.*

8

*Massanari*, 152 F. Supp. 2d 1340, 1347 (M.D. Fla. 2001), *aff'd*, 31 F. App'x 202 (11th Cir. 2001); *Avila v. Astrue*, 2012 WL 5831287, at *11 (N.D. Ind. Nov. 15, 2012)), *report and recommendation adopted*, 2018 WL 3620722 (M.D. Fla. July 30, 2018). Here, the Plaintiff's attorney did not request a CE before the ALJ, nor did he suggest that one was necessary for the ALJ to make an informed decision. Quite the opposite. Counsel represented at the hearing that the record was complete with the exception of certain items not pertinent to this appeal. (R. 41–42). It was only until after the ALJ rendered a decision adverse to the Plaintiff that counsel raised the CE issue. (R. 264).

Even were the Court not to find a waiver, the Plaintiff's CE argument is without merit in any event. As explained previously, to prevail on this challenge, the Plaintiff must establish that the ALJ lacked adequate evidence to make an informed decision and that there are evidentiary gaps which clearly prejudice him. *Mosley*, 633 F. App'x at 742; *Goode*, 966 F.3d at 1280. The Plaintiff does not make either of these showings.

Beginning with the first prong of this analysis, as referenced earlier, the ALJ found that despite the alleged frequency and severity of his seizures (including loss of consciousness), the Plaintiff did not seek emergency treatment for his epileptic condition at any point in time. (R. 22–23). Indeed, as further noted above, the ALJ found that the Plaintiff did not receive *any* kind of medical treatment for this condition during a more than ten-month period between August 2021 and May 2022. *Id.* In addition, as observed previously as well, there is evidence that the Plaintiff did not follow-up on his neurology referrals, was noncompliant with his medication for both his seizure disorder and his mental impairment, and did not engage in sustained or

9

consistent treatment for either of these infirmities. *Id.* And lastly, regarding his mental impairment, there is evidence—as set forth above—that the Plaintiff's mental status examinations produced unremarkable results aside from revealing an anxious mood. *Id.*

In an effort to undermine this evidence, Plaintiff's counsel now posits—albeit in summary fashion—that the Plaintiff's failure to adhere to a prescribed course of medications could have been due to his mental impairment, and that there is "no rational basis for going to an emergency room" after suffering temporary unconsciousness due to a seizure. (Doc. 16 at 4). While not entirely clear, counsel also seemingly maintains that in the absence of ordering a CE, the ALJ was required to consider both of these alternative theories. The problem with this line of argument is that it is wholly perfunctory and devoid of any supporting authority. As such, it is waived. *See Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 899 (11th Cir. 2022) (deeming an issue forfeited because it was "raise[d] in a perfunctory manner without supporting arguments and authority") (internal quotation marks and citation omitted); *Battle v. Comm'r, Soc. Soc. Admin.*, 787 F. App'x 686, 687 (11th Cir. 2019) (per curiam) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.") (internal quotation marks and citation omitted); *Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (per curiam) (finding that a plaintiff waived an argument "because he did not elaborate on [the] claim or provide citation to authority about [it]") (citation omitted).

Turning to the second prong of the CE analysis, the Plaintiff does not demonstrate that there are any evidentiary gaps in the record, much less show that they clearly prejudice him. The only item in the record he identifies in this respect is the state agency consultants' comment that there was not enough evidence for them to evaluate the Plaintiff's disability claim. (Doc. 16). This contention is unavailing given that the ALJ deemed the consultants' assessment persuasive and relied on it in finding that "the record d[id] not provide sufficient support to impute a severe impairment."[5] (R. 23). Taken in context, the ALJ's remark can fairly be interpreted to mean that the record lacked adequate evidence showing the Plaintiff had any kind of a severe impairment. For the reasons set forth above, this conclusion is buttressed by the findings the ALJ made in his decision.

Irrespective of the state agency consultants' observation, the Plaintiff does not explain what purpose a CE would serve at this point, or even whether he seeks such an evaluation for his seizure disorder, his mental health problem, or both. (Doc. 16 at 5). The Plaintiff also does not detail any basis upon which the findings of a CE may differ from the medical evidence already in the record. *Id.*

In sum, the Court finds that substantial evidence bolsters the ALJ's disability determination, and that the Plaintiff fails to meet his burden of establishing both that the ALJ erred in not securing a CE and that there are evidentiary gaps which clearly prejudice him. *Mosley*, 633 F. App'x at 742; *Goode*, 966 F.3d at 1280.

---

[5] The Plaintiff notably does not challenge the ALJ's weighing of these opinions.

11

IV.

For the foregoing reasons, it is hereby ORDERED:

1. The Commissioner's decision is affirmed.

2. The Clerk is directed to enter Judgment in the Defendant's favor and to close the case.

SO ORDERED in Tampa, Florida, this 25th day of September 2024.

_____
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record